IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-cr-436-BO-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | O R D E R |
| v. | ) | |
| | ) | |
| TRISTAN BISHOP PAN | ) | |

This matter is before the Court on defendant's motions for disclosure of Rule 404(b) evidence, for early disclosure of *Brady/Giglio* material, to sequester witnesses, and for disclosure of the government's summary exhibits. For the following reasons, defendant's motion to sequester witnesses is denied without prejudice and the remaining motions are granted.

## BACKGROUND

On September 23, 2020, a grand jury indicted defendant Tristan Bishop Pan of two counts of wire fraud, in violation of 18 U.S.C. § 1343; two counts of bank fraud, in violation of 18 U.S.C. § 1344; and two counts of money laundering, in violation of 18 U.S.C. § 1957. On September 29, 2020, defendant was placed on pretrial release. Ahead of his arraignment, defendant filed a variety of pretrial motions. The government has not responded, and the motions are ripe for disposition.

## DISCUSSION

*Motion for Disclosure of All Rule 404(b) Evidence*

Defendant seeks an order requiring the government to give notice of its intent to introduce evidence that falls under Rule 404(b) of the Federal Rules of Evidence. Defendant requests that the government "disclose the substance of any evidence it intends to introduce against [him] pursuant to Rule 404(b) of the Federal Rules of Evidence." DE 29. Defendant is entitled to the general nature of the evidence it intends to introduce at trial with reasonable

notice. Fed. R. Evid. 404(b). Therefore, defendant's motion is granted. The government is ordered to notify defendant of the general nature of any Rule 404(b) evidence it intends to offer at trial within ten days of the date trial is scheduled to begin.

*Motion for* Brady *and* Giglio *Information*

Defendant seeks information that he claims he is entitled to under *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Giglio*, 405 U.S. 150 (1972), and their progeny. Under *Brady*, the government has an affirmative obligation to produce evidence that is "both favorable to an accused and 'material to either guilt or punishment.'" *United States v. Bagley*, 473 U.S. 667, 674 (1985); *Brady*, 373 U.S. at 87. The government must also disclose evidence that could potentially be used to impeach or discredit a government witness. *Giglio*, 405 U.S. at 154. This evidence must be produced "in time for its effective use at trial." *United States v. Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985); *see United States v. Jeffers*, 570 F.3d 557, 573 (4th Cir. 2009). Therefore, defendant's motion seeking early disclosure of *Brady* and *Giglio* materials is granted in part. The government shall produce *Brady* and *Giglio* materials on a prompt, ongoing basis. However, this Court determines that the evidence does not need to be produced sixty days before trial is scheduled to begin for it to be "in time for its effective use at trial." The government shall disclose all materials required to be disclosed under those doctrines no later than fourteen before trial is scheduled to begin.

*Motion for Sequestration of Witnesses*

In anticipation of trial, defendant seeks an order requiring the sequestration of the government's witnesses and prohibiting the government from discussing the trial testimony of witnesses with other individuals who may testify at trial. An order to sequester witnesses is

typically granted at the start of a trial. *See* Fed. R. Evid. 615. Defendant should renew his motion to sequester before trial. The motion is denied without prejudice.

*Motion for Disclosure of Government Summary Exhibits*

Defendant requests that the Court order the government disclose summary exhibits it intends to use in trial, no later than yen days before trial for reasons. First, he needs "to review the summary exhibit, compare it to the hard data, and check its accuracy and its completeness." DE 32. Second, he will need time to "determine if there is a need on his part to obtain expert of lay witnesses to explain or rebut the statements in the Government's summary, or to create a competing summary that more appropriately or fairly explains the underlying evidence." Under the Federal Rules of Evidence, the government may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." Fed. R. Evid. 1006. It must make them available to defendant "at a reasonable time." *Id.* Therefore, defendant's motion is granted. The government is ordered to produce any summary exhibits it intends to offer at trial no later than ten days before the date trial is scheduled to begin.

## CONCLUSION

As discussed above, the Court orders as follows:

Defendant's motion for disclosure of Rule 404(b) evidence [DE 29] is GRANTED. The government is ordered to notify defendant of the general nature of any Rule 404(b) evidence it intends to offer at trial within ten days before the trial is scheduled to begin.

Defendant's motion for early disclosure of *Brady/Giglio* material [DE 30] is GRANTED in part and DENIED in part. The government shall produce *Brady* and *Giglio* materials on a

prompt, ongoing basis and shall disclose all materials required to be disclosed under those doctrines no later than seven days before the date trial is scheduled to begin.

Defendant's motion to sequester witnesses [DE 31] is DENIED WITHOUT PREJUDICE, to be renewed before trial.

Defendant's motion for disclosure of government summary exhibits [DE 32] is GRANTED. The government is ordered to produce any summary exhibits it intends to offer a trial no later than ten days before the date trial is scheduled to begin.

SO ORDERED, this __7__ day of May, 2021.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE